IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-340-GCM

| KWABENA BUAH-YANZU-EL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| FLAGSTAR BANK FSB, ROGERS AND TOWNSEND LAW FIRM, PATRICIA LOCH, ASSISTANT CLERK OF THE SUPERIOR COURT, JUDGE ERIC L. LEVINSON OF THE SUPERIOR COURT, SHERIFF DEPARTMENT OFICER K. PAIGE 1488, POLICE DEPARTMENT POLICEMAN B.E.WEST 3418, | ) | |
| Defendants. | ) | |

THIS MATTER comes before the Court on the Court's own motion and on Defendants' Motions to Dismiss, [Doc. Nos. 4, 9, 13, 16, and 25] as well as Plaintiffs' opposition motions, [Doc. Nos. 22, 23 and 28] and responsive documents [Doc. No. 31]. For the reasons stated herein, Defendants' Motions are GRANTED and Plaintiff's Complaint is dismissed

On June 4, 2013, Plaintiff filed the instant fifty-six page *pro* se Complaint seeking to quiet title, and for fraud and intentional infliction of emotional distress, arising out of the foreclosure and writ of possession of property located at 6826 Chieftain Drive, Charlotte North Carolina ("the property'). [Doc. No. 1]. Plaintiff named Flagstar Bank; Rogers and Townsend Law Firm; Patricia Koch, assistant clerk of the Mecklenburg County Superior Court; Superior Court Judge Eric Levinson; Charlotte Mecklenburg Police Department Officer B.W. West; and

1

Mecklenburg Sheriff's office employee Ken Paige as Defendants – essentially all parties involved in the foreclosure of the property and the subsequent denial of relief.

According to the Complaint, Plaintiff resided at the property and Flagstar Bank held the mortgage on the property. [Doc. No. 1 at 2-3]. Rogers and Townsend filed a foreclosure action on the property and on October 25, 2012, Defendant Koch; an Assistant Clerk of Mecklenburg County Court entered an Order allowing foreclosure of the property. On November 19, 2012, the property was sold and on December 7, 2012 assigned to the Secretary of Housing and Urban Development. [Doc. No. 1 at 11].[1] On March 11, 2013 Defendant Koch signed an Order of Possession, Writ of Possession and Order for Ejectment[2] and directed the Mecklenburg County Sheriff's Office to serve the writ on the Plaintiff. [Doc. No. 1 at 12]. Sheriff's Deputy Paige issued the Writ on the same day requiring the Plaintiff to vacate the residence before March 20, 2013. [Doc. No; 4-2]. On March 28, 2013 CMPD Officer West was called to the foreclosed property where the Plaintiff was still residing. Plaintiff was issued a citation for Second Degree Trespass. [Doc. No. 1 at 11-13]. On May 6, 2013, Plaintiff filed a motion for relief from the writ, but Judge Eric Levinson denied Plaintiff's motion as untimely. [Doc. No. 4-3].

Plaintiff claims that Flagstar has no equity in the property [Doc. No. 1 at 2], and that he is the lawful owner of the property because "Flagstar Bank . . . have failed to produce the original instrument and thus the claim in void." [Doc. No. 1 at 2]. Plaintiff also sues for fraud because "Defendant(s) has no valid and legitimately recorded claim as a holder of any note on the property and thus has no lawful right to a mortgage security interest lien in the property or any

---

[1] The Order is attached to the Motion to Dismiss. [Doc. No. 4-1]. *See Happel v. Wal-Mart Stores, Inc.*, 286 F.Supp.2d 943, 945 (N.D. Ill. 2003) ("a court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment.")

[2] The writ is attached to the Motion to Dismiss. [Doc. No. 4-2].

right to payments." [Doc. No. 1 at 3]. Plaintiff also sues for intentional infliction of emotional distress for the service of the writ. [Doc. No. 1 at 12-14].

DISCUSSION

Defendants argues that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as the Court lacks subject matter jurisdiction over Plaintiffs' Complaint and also pursuant to 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. Some of the Defendants also argue that the Court should dismiss pursuant to 12(b)(2) and (5). The Court need not reach most of these arguments as the Court agrees that it lacks subject matter jurisdiction over Plaintiff's Complaint.

Plaintiff's' Complaint amounts to a collateral attack on the underlying state court proceedings, which is barred by the Rooker-Feldman Doctrine. The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1983); *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416 (1923). The doctrine applies both to issues actually decided by state courts and to "constitutional claims that are inextricably intertwined with questions ruled upon by the state court." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (internal quotations marks omitted). The jurisdiction to review such cases lays instead with superior, in this case, appellate, state courts and ultimately with the United States Supreme Court. *Id*. Because Plaintiff's Complaint is an attempt to have the this Court review the decision of a lower state court order concerning the foreclosure on his real

property, this Court lacks the subject matter jurisdiction to hear the Complaint and it must be dismissed.

The Plaintiff's Complaint is based entirely upon his contention that the foreclosure proceedings in state court were fraudulent. As the injuries alleged in the Plaintiff's Complaint stem from the state court proceedings, and Plaintiff is seeking a judgment from this Court that would have the effect of invalidating the state court proceedings, the complaint is barred by the Rooker-Feldman doctrine and must be dismissed. *See Broome v. Sharonview Fed. Credit Union*, 2010 U.S. Dist. Lexis 56777 at * 4-5 (W.D.N.C. 2010) (dismissing Plaintiff's civil rights complaint arising out of foreclosure action under Rooker-Feldman); *See also Hunter v. U.S. Bank National Association*, 698 F.Supp 2d 94, 99-100 (D.D.C 2010) (holding that Plaintiff's claims that the state court judgment of foreclosure violated his due process rights under the Fifth and Fifteenth Amendments fell squarely within the Rooker-Feldman doctrine because "[a]ll of the injuries in the Complaint stem from the foreclosure of the Property, and Hunter is explicitly seeking a judgment from this Court that would have the effect of modifying the state court's judgment of foreclosure.").

**NOW, THEREFORE, IT IS ORDERED** that:

(1) Plaintiff's Complaint is barred by the Rooker-Feldman doctrine and is therefore DISMISSED;

(2) Defendants' Motion to Dismiss [Doc. Nos. 4, 9, 13, 16, and 25] are GRANTED;

(3) Plaintiff's motions [Doc. Nos. 22, 23 and 28] filed in opposition to Defendants' motions, are DENIED;

(4) The Clerk is directed to close this case.

**SO ORDERED**.

Signed: July 31, 2013

Graham C. Mullen
United States District Judge